IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00234-LTB-MJW

PATRICK CHASE and HEATHER CHASE,

    Plaintiff,

v.

LIBERTY INSURANCE CORPORATION,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER** (Docket No. 17-1)

---

Plaintiffs Patrick and Heather Chase ("Plaintiffs" or "Chases") and Defendant Liberty Insurance Corporation ("Defendant" or "Liberty"), by and through their undersigned counsel of record and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby enter into this Stipulated Protective Order with respect to documents disclosed by Liberty, as follows:

**1.**   **Confidential Information.**

    (a)   As used in this Stipulated Protective Order, "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" shall mean proprietary, or trade secret information, or non-public information, documents, or things that Defendant (the "Designating Party") furnish in the course of this litigation and in good faith designates as CONFIDENTIAL INFORMATION pursuant to Sections 1(b) to (c) below.

    (b)   A party may designate any proprietary documents produced in response to Plaintiffs' interrogatories or requests or production of documents as CONFIDENTIAL INFORMATION by stamping the word "CONFIDENTIAL" upon the first page of the document, taking care to avoid obscuring any text, before providing it to the opposing party. Information marked CONFIDENTIAL shall not be utilized or disclosed by a receiving party (the "Recipient Party"), its agents, or its employees, except in accordance with the terms of this Stipulated Protective Order.

    (c)   In the case of CONFIDENTIAL INFORMATION in a non-paper medium, *e.g.*, video or audio tape, computer discs, CD-ROMs, DVDs, etc., a party

may designate all information therein as CONFIDENTIAL by affixing a legend stating the same to the outside of the medium or container.

(d) Inadvertent production of any information, document, transcript, or thing without a designation of CONFIDENTIAL shall not, in and of itself, be deemed a waiver of any party's claim of confidentiality as to such matter. If any information, document, transcript, or thing claimed to be CONFIDENTIAL is inadvertently produced without that designation, the producing party shall notify the Recipient Party within a reasonable time. All parties shall use their best efforts to protect the confidentiality of that information. Upon receipt of notice that CONFIDENTIAL INFORMATION was produced inadvertently without an appropriate initial designation of confidentiality, the Recipient Party shall thereafter (i) treat such information as CONFIDENTIAL INFORMATION pursuant to the terms of this Stipulated Protective Order, and (ii) shall use its best efforts to retrieve such materials or correct the effects of any use or disclosure of such CONFIDENTIAL INFORMATION based upon the earlier mistaken view that such materials were not confidential.

(e) CONFIDENTIAL INFORMATION shall not be disclosed to any persons other than:

(i) the attorneys for the Recipient Party in this litigation and paralegals and clerical staff (whether employees or independent contractors) who are assisting in this litigation;

(ii) officers, directors and/or employees of the Recipient Party who have direct responsibility for assisting such counsel in the preparation and trial of the action;

(iii) court reporters, court officials, and the jury involved in this litigation;

(iv) experts, consultants and investigators and their staff who are retained by a party for purposes relating to this litigation and who have executed a Confidentiality Agreement (attached herewith as Exhibit 1) in conformity with this Stipulated Protective Order; and

(v) any other non-party witnesses or deponents who have executed a Confidentiality Agreement in (attached herewith as Exhibit 1), conformity with this Stipulated Protective Order, or deponents who agree on the record to maintain the confidentiality of the material.

CONFIDENTIAL INFORMATION received by any of the persons in the categories listed above shall be used only for purposes of this litigation and for no other purposes, including for any other litigation, whether on the same issues in this case or others, or for any business or personal

purpose. Nothing in this Stipulated Protective Order shall prevent the Designating Party from any use of its own confidential documents.

    (vi) CONFIDENTIAL INFORMATION may not be disclosed to the persons described in categories (iv) and (v), above unless the disclosing party determines in good faith that the disclosure is necessary for the purpose of developing testimony of such witness or deponent. CONFIDENTIAL INFORMATION provided to a receiving party shall be securely maintained in the offices of that party's outside counsel. Any recipient of CONFIDENTIAL INFORMATION shall maintain such information in a secure and safe area carefully delineated and designated confidential, and the recipient shall exercise due and proper care with respect to the storage, custody, access and use of all such information. In addition, any summary or copy of CONFIDENTIAL INFORMATION shall be subject to the terms of this Confidentiality Order to the same extent as the information or document of which summary or copy is made, and must be clearly labeled as containing CONFIDENTIAL INFORMATION.

(f)     CONFIDENTIAL INFORMATION may be copied or reproduced only to the extent reasonably necessary for the conduct of this lawsuit. All such copies or reproductions shall be subject to the terms of this Stipulated Protective Order.

(g)     If the Court orders that access to or dissemination of CONFIDENTIAL INFORMATION shall be made to persons not included in paragraph 1(e) above, such CONFIDENTIAL INFORMATION shall only be accessible to, or disseminated to, such persons after they have executed a Confidentiality Agreement (attached herewith as Exhibit 1) in conformity with this Stipulated Protective Order, unless the Court rules otherwise.

2. **No Waiver.**

The disclosure of CONFIDENTIAL INFORMATION pursuant to discovery or the procedures set forth in this Stipulated Protective Order shall not constitute a waiver of any trade secret or any intellectual property rights, proprietary rights, or other rights to or in such information.

3. **Use in Depositions.**

Material designated as CONFIDENTIAL may be used at a deposition if: (a) the counsel for the party using such material advises the witness of the terms of this Stipulated Protective Order and the witness agrees on the record to maintain the confidentiality of the material; or (b) the witness executes a Confidentiality Agreement (attached herewith as Exhibit 1) in conformity with this Stipulated

- 3 -

Protective Order. If the witness declines to execute the Confidentiality Agreement or otherwise maintain the confidentiality of the material, the party seeking to use such CONFIDENTIAL INFORMATION must obtain leave from the Court before disclosing the material to the witness. This section does not apply to any officer, director, shareholder, employee, or agent of Liberty.

(a) Counsel present for the deposition shall cooperate in advising the deponent witness of the terms of the Stipulated Protective Order.

4. **Use in Briefs and as Exhibits**

Any discovery materials designated under this Stipulated Protective Order as CONFIDENTIAL which are filed with the court for any purpose shall be filed in conformance with the Federal Rules of Civil Procedure and D.C.COLO.LCivR 7.2.

5. **Application of the Stipulated Protective Order.**

(a) This Stipulated Protective Order shall apply to all pleadings, deposition transcripts, discovery papers, briefs, summaries, notes, abstracts, or other documents or information that comprise, embody, summarize, discuss, or quote from any documents or information, in any form, produced in this litigation that contain CONFIDENTIAL INFORMATION.

(b) Nothing in this Stipulated Protective Order shall affect the admissibility into evidence of CONFIDENTIAL INFORMATION, or abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the status of CONFIDENTIAL INFORMATION. Agreement to the terms of this Stipulated Protective Order is without prejudice to a party's right to request that the Court rescind, modify, alter, or amend this Order with respect to specific documents or information.

6. **Confidentiality Challenge.**

Any party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within twenty (20) business days after the time the notice is received, it shall be the obligation of the party seeking the designation of the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. The disputed information shall be treated as CONFIDENTIAL under the terms of this Stipulated Protective Order until the Court rules on the motion.

7.  **Confidential Information at Trial.**

    The designation of any information, documents, or things as CONFIDENTIAL pursuant to this Stipulated Protective Order shall not, in and of itself, raise any inference as to the confidentiality of any information, documents, exhibits, or things marked for identification purposes or introduced into evidence at the trial of this litigation. Nothing in this Stipulated Protective Order, however, shall preclude any party from seeking confidential treatment from the Court with respect to such information, documents, exhibits, or things or from raising any available objections, including without limitation, objections concerning admissibility, materiality, and privilege. The parties to this Stipulated Protective Order expressly reserve at this time a determination as to the manner in which CONFIDENTIAL INFORMATION may be used in an evidentiary hearing or at trial. Special procedures or in camera treatment, if any, shall be determined in the future.

8.  **Specific Disclosure.**

    By joint agreement, the parties, through their counsel, may agree to any specific disclosure of CONFIDENTIAL INFORMATION in a particular circumstance without prejudice to the continued application of this Stipulated Protective Order regarding other uses of that CONFIDENTIAL INFORMATION.

    In the event it is necessary for the parties to file CONFIDENTIAL INFORMATION with the Court in connection with any proceeding or motion, the CONFIDENTIAL INFORMATION shall be filed in a sealed envelope with the following statement typed conspicuously thereon:

    > Confidential – Subject to Protective Order. This document is filed under ~~seal~~ [Restricted Access]. Unless otherwise ordered by the Court, it shall not be reproduced for, nor shown to persons other than those entitled to have access to such documents under the protective order entered on _____, in *Chase v. Liberty Insurance Corporation*, Civil Action No. 1:15-cv-00234-LTB-MJW, in the United States District Court for the District of Colorado.

    [handwritten initials: MJW 4-16-15]

9.  **Modification.**

    This Stipulated Protective Order may be modified only by Order of the Court.

10. **Return or Destruction of Confidential Information.**

    After final disposition of this case, whether by judgment, including appeals, settlement, or otherwise, counsel of record for each of the parties shall either return or destroy all CONFIDENTIAL INFORMATION the parties produced during the case, and all copies of such CONFIDENTIAL INFORMATION.

So Stipulated on this 13th day of April, 2015.

| SPEIGHTS AND WORRICH, LLC | LEWIS ROCA ROTHGERBER LLP |
|---|---|
| s/Ross Ziev | s/Holly C. Ludwig |
| Ross Ziev, Esq. | Brian J. Spano |
| 116 Inverness Drive East, Suite 270 | Holly C. Ludwig |
| Englewood, CO 80112 | 1200 17th Street, Suite 3000 |
| Tel: 303.662.8082 | Denver, CO 80202-5855 |
| Fax: 303.662.8083 | Tel: 303.623.9000 |
| ross@speightsfirm.com | Fax: 303.623.9222 |
| *Attorneys for Plaintiffs* | bspano@lrrlaw.com |
| | hludwig@lrrlaw.com |
| | *Attorneys for Defendant* |
| | *Liberty Insurance Corporation* |

Dated This 16TH April 2015

SO ORDERED:

By The Court

[signature]

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

2005268005_1                                    *Stipulated Protective Order*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00234-LTB-MJW

PATRICK CHASE and HEATHER CHASE,

    Plaintiff,

v.

LIBERTY INSURANCE CORPORATION,

    Defendant.

---

## CONFIDENTIALITY AGREEMENT WITH STIPULATED PROTECTIVE ORDER
## (EXHIBIT 1)

---

I, _____, have read the Stipulated Protective Order ("Protective Order") in the above-captioned claim. I understand the terms of the Protective Order, agree to comply with the Protective Order in all respects, and hereby submit and waive any objection to the jurisdiction of the United States District Court for the District of Colorado for the adjudication of any dispute concerning or related to my compliance with the Protective order. I understand that any violation of the terms of the Protective Order may be punishable by money damages, final injunctive or other equitable relief, sanctions, contempt of court citation, or other or additional relief as deemed appropriate by the Court.

Print or type the following

Name:_____

Title and Affiliation_____

Address:_____

_____

Telephone:_____

Executed this \_\_\_ day of _____, 201\_\_\_.